UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HealthPartners, Inc.;
HealthPartners Administrators, Inc.;
MedCenters Managed Care, Inc.; and
Group Health Plan, Inc.,

Plaintiffs,

vs.

Aetna Health Management, Inc.; and
Aetna U.S. Healthcare, Inc.,

Defendants.

Court File No.: 00-CV-1895 (JRT/FLN)

**STIPULATION AND PROTECTIVE ORDER GOVERNING TREATMENT OF CONFIDENTIAL INFORMATION**

WHEREAS, in this action Plaintiffs (collectively, "HealthPartners") allege that Defendants (collectively, "Aetna") failed to perform obligations under a master agreement and administrative service agreements entered into between the parties effective January 1, 1996 (collectively, "the 1996 Agreement"), and Aetna denies these allegations;

WHEREAS, the 1996 Agreement contains strict confidentiality provisions, as more fully set forth therein, governing the use and disclosure of information obtained by the parties during the course of the performance of contractual obligations under the 1996 Agreement;

WHEREAS, HealthPartners and Aetna are actual or potential competitors in lines of business that relate to the information likely to be discovered in this action;

WHEREAS, the parties anticipate that discovery in this action will involve substantial documents and information that the parties consider to be and treat as confidential, including but not limited to proprietary data, trade secrets, business plans or strategies, and other competition-sensitive commercial information;

FILED JAN 12 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT
DEPUTY

WHEREAS, some of the documents or data that may be discoverable in this action may contain patient data that is protected from disclosure by, among other things, applicable state and federal law;

WHEREAS, the parties desire to protect and safeguard their confidential and proprietary information provided in discovery in this action against use or disclosure by their adversaries for any purpose other than the prosecution or defense of the claims asserted in this action;

WHEREAS, the parties have consented and agreed to conduct all discovery in this action under, and to be bound by, this Stipulation and Protective Order Governing Treatment of Confidential Information ("Stipulation and Order"), starting from the dates of the signatures of their undersigned counsel; and

WHEREAS, the parties do not intend to modify the confidentiality provisions of the 1996 Agreement except as set forth herein;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by HealthPartners and Aetna, by and through their respective counsel, as follows:

1. "Confidential Material" is defined herein to include confidential business or technology-related information, including but not limited to client or customer information, financial information, corporate and marketing strategies, confidential product development information, proprietary information, trade secrets, and other competition-sensitive commercial information, the disclosure of which may prejudice the rights of one or more of the parties hereto.

2. Any party in this litigation may, in good faith, designate information or material disclosed, produced, or filed by that party in the course of this litigation as "Confidential Material" in

the manner hereinafter set forth in paragraphs 3, 4, 5, and 10 or by written agreement of the parties at any time. If a party inadvertently neglects to designate information or documents as "Confidential Material" when the information or documents are first produced, that designation can nevertheless be applied to the information or documents by delivering to the other party a written identification of the information or documents which should also be treated as "Confidential Material." The "Confidential Material" designation shall thereafter apply to the subject information or documents and shall relate back to the date on which the information or documents were produced except to the extent that the receiving party has, in good faith, acted in reliance on the absence of such designation when making use of said information or documents.

3. All or any part of a document disclosed, produced, or filed by any party in the litigation may be designated as "Confidential Material" by the disclosing party by marking the legend "Confidential -- Subject to Protective Order" on the face of the document and each page so designated. All or any part of a tangible item disclosed, produced, or filed by any party in the litigation may be designated as "Confidential Material" by the disclosing party by marking the legend "Confidential -- Subject to Protective Order" on the face of the tangible item, if practicable, or by delivering at the time of disclosure, production, or filing to the party to which disclosure is made, written notice that such tangible item is "Confidential Material."

4. All or any part of responses to interrogatories or to requests for admission or for production of documents may be designated as "Confidential Material" by the responding

party by marking the word "Confidential -- Subject to Protective Order" on the face of the response and each page so designated.

5. Portions of briefs or affidavits that contain "Confidential Material" may be designated as "Confidential Material" by the party or parties filing the brief or affidavit by marking the portion of the brief or affidavit with the word "Confidential -- Subject to Protective Order." Briefs or affidavits containing "Confidential Material," if filed, shall be filed by the parties as follows:

   a. One version of the brief or affidavit which contains "Confidential Material" shall be filed with the Court under seal in an envelope marked "Confidential Material — Filed Under Seal Pursuant to Court Order" and bearing the caption of the case and title of the brief or affidavit, with copy of such version marked "Judge's Copy" simultaneously furnished under seal in a similarly labeled envelope to the Court's chambers.

   b. If practicable, a public version of the brief or affidavit, from which the portions of the brief or affidavit containing "Confidential Material" have been expurgated, if filed, shall be lodged with the Court. A notation shall be made on the cover sheet, if any, and the first page of the brief or affidavit that certain pages of the brief or affidavit containing "Confidential Material" are filed under seal, subject to this Protective Order, and have been deleted from the public version of the document.

6. Material designated as "Confidential Material" shall be used solely in this litigation and in accordance with the provisions of this Protective Order, and such "Confidential Material"

shall not be used in any other litigation or for any purpose other than litigation. Similarly, material designated as "Confidential Material" shall not be disclosed to any third party except in accordance with the provisions of this Protective Order or as required by Order of a court or administrative body with jurisdiction over the party being required to provide documents or information. Nothing in this Protective Order shall preclude any party or its representative from discussing with any other person the progress, theories, or legal strategy in this litigation, as long as the contents of the "Confidential Material" are not disclosed, described, or characterized. "Confidential Material" or the contents thereof may be disclosed only in accordance with paragraph 8.

7. Other than Court personnel (including court reporters), commercial photocopying firms, or as provided in paragraph 10, access to "Confidential Material" shall be limited to:

a. A party's directors, officers, employees, and agents as necessary for the prosecution, defense, or supervision of this litigation;

b. Counsel of record for the respective parties in this litigation and employees of said counsel; and

c. Experts and consultants (including independent experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in this litigation. Access to "Confidential Material" by experts and consultants shall be limited to documents or materials that the experts or consultants reasonably need to review in their roles as experts or consultants for this litigation only. Any "Confidential Material" provided

to experts or consultants in accordance with this paragraph and all copies thereof shall be returned at the close of this litigation to the receiving party for return to the producing party in accordance with Paragraph 13 of this Order.

8. Except as provided in Paragraph 7 herein, "Confidential Material" may not be used by a party for purposes other than this litigation and may not be disclosed to any person except as required by a Court or administrative body of competent jurisdiction. This provision may be modified only upon the making and granting of a motion made to the court having jurisdiction over this litigation. Such motion must be supported by a specific showing of need to disclose particular protected information.

9. Counsel shall inform each person to whom they disclose or give access to "Confidential Material" of the terms of this Protective Order as well as the obligation to comply with those terms. Each expert or consultant who is given access to "Confidential Material" shall, prior to the disclosure of any "Confidential Material" to such person, agree to be bound by the terms of this Order and Stipulation by signing an undertaking in the form attached as Exhibit A.

10. In depositions, the witnesses shall disclose information notwithstanding that a party may contend the information constitutes "Confidential Material." The party disclosing any such information, however, at the deposition or within a reasonable time thereafter, but no later than the time in which the court reporter prepares the transcript in the normal course of business, or on any expedited basis, shall designate any testimonmy or exhibits as "Confidential Material." Any portions of any such depositions which contain

"Confidential Material" either in testimony or exhibits, if filed, shall be filed with the Court under seal, bearing substantially the following designation: "This portion of the deposition of ____________________, taken on ___________________, is subject to a Protective Order that has been ordered by the Court. This portion of said deposition shall remain sealed until further Order of the Court." The provisions of paragraph 2 relating to subsequent designation of information or documents which should have initially been identified as "Confidential Material" apply with equal force to testimony and exhibits elicited or utilized in connection with a deposition.

11. Nothing in this Order shall be construed in any way as a finding that the "Confidential Material" does or does not constitute or contain proprietary information or trade secrets. Any party may object, in writing, to the designation by another party of any information or material as "Confidential Material." Within fourteen (14) days of receiving said objection, the party designating the Confidential Materials and the party objecting shall confer in a good faith attempt to resolve any differences regarding the designation. If the parties are unable to resolve their differences, then the party that objects to the designation may apply to the Court for a ruling that information or material shall not be treated as "Confidential Material." If such a motion is brought by an objecting party, the party asserting confidentiality shall bear the burden of establishing that the information is entitled to protection. The party objecting to the confidential designation shall bear the burden of explaining how the confidentiality designation has impaired its ability to prosecute or defend the claims made in this action, if at all. Until ten (10) days after the

Court enters an Order to the contrary, or such longer or shorter period as the Court may order, the information or material shall continue to be treated as "Confidential Material."

12. Should any information subject to this Stipulation and Order be disclosed, through inadvertence or otherwise, to any person or party not authorized pursuant hereto, then the disclosing party shall use its best efforts to obtain the prompt return of such information, and to bind such person to the terms of this Stipulation and Order. Such best efforts shall include, but not be limited to, enlisting the assistance of the Courts to obtain the return of the documents. The disclosing party shall (a) promptly inform such person of all the provisions of this Stipulation and Order; (b) identify such person immediately to the party or nonparty that produced the document or information; and (c) request such person to sign an undertaking in the form attached as Exhibit A. The executed undertaking shall be served promptly upon the producing person or party.

13. The following persons were employed by Aetna at the time of the 1996 Transition and thereafter became employed by HealthPartners: Tim Hunecke, Ruth Ann Metzger, Lynn Schoenberger, Kevin Billington, Pete Meidl, Laurie Thom and Cindy Heuer ("Former Aetna Employees"). HealthPartners desires to obtain historical information from the Former Aetna Employees that may relate to the matters at issue herein. Aetna desires to protect from disclosure to HealthPartners (a) its attorney-client or work product privileged information, if any, that these former Aetna Employees may possess, and (b) its other confidential business information which the Former Aetna Employees customarily would not reveal to HealthPartners in the normal course of business if this action not been commenced. Aetna recognizes, however, that any confidential business information of

Aetna that has been revealed to HealthPartners in the normal course of business by the nature of the transaction underlying this matter may properly be the subject of investigation by HealthPartners in regard to this action.

14. Notwithstanding any other provision in this Stipulation and Order, the parties agree that confidential patient information protected by, among other things, applicable state and federal law, may be redacted from any document or thing by the producing party prior to production. No privilege log will be generated for such patient data. Each page that is redacted pursuant to this paragraph will be stamped with the legend "Redacted -- Patient Data."

15. Upon termination of this lawsuit by judgment, and the expiration of any and all appeals therefrom, or by settlement, all parties shall either (a) return to counsel for the producing party all "Confidential Material" received from such producing party including all copies, prints, summaries, and other reproductions of such information, in the possession of the parties, their counsel, or retained experts of consultants or (b) destroy all such material. Counsel for the receiving party shall then certify to the producing party that all such materials have been returned to receiving counsel and then returned to producing counsel or destroyed.

16. Insofar as the provisions of this Stipulation and Order restrict the communication and use of information, such provisions shall continue to be binding after the conclusion of this action except a that party may seek the written permission of the producing party with respect to the modification of any such provision.

17. The restrictions and obligations set forth herein shall not apply to any information which: (a) is already public knowledge or available to the public without confidentiality restrictions; (b) has become public knowledge or available to the public without confidentiality restrictions other than as a result of disclosure by the receiving party, its employees or agents in violation of this Stipulation and Order; or (c) has come or shall come into the receiving party's legitimate possession independently of the producing party. In addition, the restrictions and obligations set forth herein shall not be deemed to prohibit discussions with any person of any confidential information if that person already has or obtains legitimate possession thereof.

18. Any party may, on motion to the Court for good cause shown, seek relief from or modification of this Stipulation and Order. Any party hereto may enforce the provisions hereof against any other party before the Court or, if the Court does not have jurisdiction, before any court which has jurisdiction. The parties and their counsel expressly consent to the jurisdiction of this Court for enforcement of the terms contained in this Stipulation and Order. Any party may enforce the provisions hereof against persons that are not parties hereto in any court of competent jurisdiction. The parties agree that this Court shall have any and all powers at its disposal to enforce the terms of this Stipulation and Order, including but not limited to its inherent equitable and contempt powers.

19. This Stipulation may be executed in counterparts, each of which shall be deemed an original.

Dated: January 8, 2001

**MASLON EDELMAN BORMAN & BRAND, LLP**

By: ______________________________

Cooper S. Ashley (#120558)
James F. Killian (#193914)
Michael C. McCarthy (#230406)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 672-8200

**ATTORNEYS FOR PLAINTIFFS**

Dated: January 10, 2001

**KELLY & BERENS, P.A.**

By: ______________________________

Timothy D. Kelly (#54926)
Erin K. Fogarty Lisle (#238168)
3720 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171

**ATTORNEYS FOR DEFENDANTS**

108734.2/991013

**ORDER**

Based on the foregoing Stipulation:

IT IS HEREBY ORDERED that the above Stipulation shall be, and hereby is, adopted as the Order of this Court, and the parties are directed to fully comply therewith.

IT IS FURTHER ORDERED that the Clerk of this Court is directed to maintain the confidentiality of any documents filed with the Court in accordance with this Stipulation.

Dated: JAN. 12, 2001

Franklin L. Noel
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing <u>**confidential original**</u> documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the <u>Clerk:</u>*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on <u>each</u> envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

*Guidelines for filing with a U.S. District Judge or <u>Magistrate Judge:</u>*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.