UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HealthPartners, Inc.;<br>HealthPartners Administrators, Inc.;<br>MedCenters Managed Care, Inc.; and<br>Group Health Plan, Inc.,<br><br>Plaintiffs,<br><br>vs.<br><br>Aetna Health Management, Inc.; and<br>Aetna U.S. Healthcare, Inc.,<br><br>Defendants. | Court File No.: 00-CV-1895 (JRT/FLN)<br><br>**STIPULATION AND ORDER AMENDING PRETRIAL SCHEDULE** |

## STIPULATION

The parties to the above-captioned action, by and through their undersigned counsel of record, hereby stipulate that the Court's Pretrial Schedule dated November 3, 2000, may be amended as set forth below. Fact discovery in this case, which involved hundreds of boxes of documents and 22 depositions in Minneapolis, Philadelphia, and Hartford, Conn., has been completed, and expert reports have been exchanged. Thereafter, in January 2002, the parties' counsel raised the prospect of settlement. Due to various scheduling difficulties, a face-to-face meeting of principals from each side could not be held until March 4, 2002, which is when dispositive motion papers must otherwise be served and comes after the current nondispositive motion deadline.

In the interest of saving the expense of what may be unnecessary motion practice, the parties ask that the Court amend the Pretrial Schedule to permit motion practice beyond that time. The parties ask that the nondispositive motion deadline be moved by one month, the dispositive motion deadline be delayed three weeks, and the page limit for dispositive motions be expanded from 35 pages to 50 pages. If the case does not settle, the parties anticipate that there will be a dispositive

FEB 22 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

motion filed, which will, consistent with Judge Tunheim's practice, delay entry of a Trial Order until that motion has been ruled upon. Based on that understanding, the parties do not believe that the modest delay in motion deadlines sought herein is likely to affect the date on which a trial may be held (since that date will be affected principally by the time during which the dispositive motion is under submission). Such an extension will, however, permit the parties to save considerable effort on motion practice if the settlement talks are successful.

Based on the foregoing, the parties request the following changes to the Pretrial Schedule:

1. Non-Dispositive Motions. All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served by April 1, 2002. All non-dispositive motions shall be scheduled, filed, and served in compliance with Local Rules 7.1, 37.1, and 37.2.

2. Dispositive Motions.

a. All dispositive motions shall be filed on or before April 22, 2002. All dispositive motions shall be scheduled, filed, and served in compliance with Local Rules 7.1.

~~b. The page limit for dispositive motions shall be 50 pages, rather than 35 pages as set forth in Local Rule 7.1(e).~~ needs to be addressed by JRT

3. In all other respects, the provisions of the Pretrial Schedule dated November 3, 2000 remain in full force and effect.

Dated: February 20, 2002

**MASLON EDELMAN BORMAN & BRAND, LLP**

By: ______________________

Cooper S. Ashley (#120558)
James F. Killian (#193914)
Michael C. McCarthy (#230406)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 672-8200

**ATTORNEYS FOR PLAINTIFFS**

Dated: 2/20/02

**KELLY & BERENS, P.A.**

By: ______________________

Timothy D. Kelly (#54926)
Erin K. Fogarty Lisle (#238168)
3720 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171

**ATTORNEYS FOR DEFENDANTS**

**ORDER**

Based on the foregoing Stipulation, IT IS SO ORDERED.

Dated: February 21, 2002

Franklin L. Noel
Magistrate Judge of United States District Court

191026