**United STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

HEALTHPARTNERS, INC., HEALTHPARTNERS ADMINISTRATORS, INC., MEDCENTERS HEALTH CARE, INC., and GROUP HEALTH PLAN, INC.,

Plaintiffs,

v.

AETNA HEALTH MANAGEMENT, INC. and AETNA U.S. HEALTHCARE, INC.,

Defendants.

Civil No. 00-1895 (JRT/FLN)

**ORDER**

---

Cooper S. Ashley, Michael C. McCarthy, and Laura E. Walvoord, MASLON, EDELMAN BORMAN & BRAND, LLP, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, for plaintiffs.

Timothy D. Kelly and Erin K. Fogarty Lisle, KELLY & BERENS, P.A., 3720 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for defendants.

Plaintiffs ("HP") have sued defendants ("Aetna"), a company that formerly provided administrative services to HP, such as billing and customer service. HP alleges that Aetna breached the parties' contract because it failed to provide newer versions of certain computer software upon the termination of their relationship. This matter is now

FILED MAR 3 1 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

before the Court on Aetna's motion for summary judgment, and HP's motion for partial summary judgment. The Court has reviewed and analyzed the parties' submissions and arguments and now issues this short Order. A complete memorandum explaining the Court's reasoning in detail will follow.

## I. Count I – ClaimFacts

This count addressed Aetna's alleged duty and failure to upgrade the ClaimFacts software. Aetna contends that its failure should be excused for reasons of waiver, estoppel, and hindered performance. Both parties seek summary judgment on this count. The Court finds that Aetna has not demonstrated that a genuine issue of material fact exists as to HP's motion. The Court further finds that HP has demonstrated that genuine issues of material fact exist as to Aetna's motion. Therefore, the Court grants HP's motion for summary judgment, and denies Aetna's motion for summary judgment on this count.

## II. Count II – MVS Operating System

HP alleges in this count that Aetna breached its duty to upgrade this software. Only Aetna has moved for summary judgment on this count. The Court finds that a genuine issue of material fact exists as to whether MVS malfunctioned, and as to what contractual provision governed operating system upgrades. Therefore, the Court denies Aetna's motion for summary judgment on this count.

## III. Counts III and IV – CyCare 800 and Customer Service

In these counts, HP alleges that Aetna was obligated to replace the CyCare 800 and Customer Service software by virtue of its duty to replace the company's layered software, CICS. Both parties have moved for summary judgment on these counts, and the Court finds that genuine issues of material fact exist on both sides of these counts. Therefore, the Court denies HP's and Aetna's motions for summary judgment on Counts III and IV.

## IV. Count V – Historical Data and Tapes

It is undisputed that 39 data tapes that were part of Aetna Systems, and which contained HP's historical patient and other data, were not returned to HP. Aetna claims that it cannot return the data *en masse* because it is intermingled with other, confidential information. Aetna has, however, been giving particular data to HP as requested. Aetna has agreed to do this for several years, and claims that it should be deemed in substantial performance. Aetna also contends that HP is not even entitled to all of the 39 tapes. HP argues that it is entitled to all of the data under the Agreements, and contends that Aetna provides no reason why specific performance should not be compelled. After listening to the parties' arguments on this count, the Court believes that room exists for agreement between the parties, and encourages them to work out their differences without Court intervention. The Court will therefore defer ruling on the parties' motions for summary judgment on Count V, and orders the parties to meet and confer to attempt a resolution on this issue.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for summary judgment [Docket No. 25] is **GRANTED in part** and **DENIED in part** as follows:

   a. Defendants' motion is **DENIED** as to Counts I, II, III and IV of the Second Amended Complaint [Docket No. 18].

   b. The Court defers ruling at this time on defendants' motion as to Count V of the Second Amended Complaint [Docket No. 18].

2. Plaintiff's motion for partial summary judgment [Docket No. 35] is **GRANTED in part** and **DENIED in part** as follows:

   a. Plaintiffs' motion is **GRANTED** as to Count I of the Second Amended Complaint [Docket No. 18].

   b. Plaintiffs' motion is **DENIED** as to Counts III and IV of the Second Amended Complaint [Docket No. 18].

   c. The Court defers ruling at this time on plaintiffs' motion as to Count V of the Second Amended Complaint [Docket No. 18].

3. The parties shall meet and confer to attempt to resolve their differences as to Count V of the Second Amended Complaint [Docket No. 18]

DATED: March 31, 2003
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge