**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

HEALTHPARTNERS, INC., HEALTHPARTNERS ADMINISTRATORS, INC., MEDCENTERS HEALTH CARE, INC., and GROUP HEALTH PLAN, INC.,

Plaintiffs,

v.

AETNA HEALTH MANAGEMENT, INC. and AETNA U.S. HEALTHCARE, INC.,

Defendants.

Civil No. 00-1895 (JRT/FLN)

**ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

---

Cooper S. Ashley, Michael C. McCarthy, and Laura E. Walvoord, MASLON, EDELMAN BORMAN & BRAND, LLP, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402, for plaintiffs.

Timothy D. Kelly and Erin K. Fogarty Lisle, KELLY & BERENS, P.A., 3720 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402, for defendants.

On March 31, 2003, this Court issued an order addressing the parties' cross motions for summary judgment in this breach of contract action. On June 19, 2003, the Court issued a Memorandum Opinion explaining the reasoning behind its rulings. As part of the rulings, the Court granted plaintiffs' motion for summary judgment and denied defendants' motion for summary judgment on Count I, which revolved around whether defendants were required to upgrade the ClaimFacts software. The Court also denied

FILED JUL 3 0 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ________
DEPUTY CLERK ________

both parties' motions for summary judgment on Counts III and IV, which alleged that defendants were required to replace the CyCare and Customer Service software.

Defendants have now filed a letter which they style as a motion for reconsideration of these rulings. Under this Court's local rules, motions for reconsideration are prohibited except by express permission of the Court. D. Minn. LR 7.1(g). Parties may request permission to file such a motion by letter. Defendants treat their letter as an actual motion for reconsideration, but in keeping with the local rules, the Court will construe it as a request for permission to file such a motion.

A motion to reconsider under Local Rule 7.1(g) is the "functional equivalent" of a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Requests to file such motions are granted "only upon a showing of compelling circumstances." D. Minn. LR 7.1(g); *Transclean Corp. v. Bridgewood Services, Inc.*, 134 F. Supp. 2d 1049, 1060 (D. Minn. 2001). A motion to reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agriculture*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Defendants contend that reconsideration of the ruling on Count I is necessary in light of a doctrine that they feel should have been given greater attention by the Court. Defendants give no explanation for their request in regard to Counts III and IV. This is not a showing of compelling circumstances. The Court's memorandum of June 19 explained in detail the reasons for its rulings, and the Court finds that such reasoning

amply supports its conclusions. Therefore, because defendants cannot demonstrate circumstances that compel a motion to reconsider, the Court must deny the request.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendants' request for leave to file a motion to reconsider [Docket No. 67] is **DENIED**.

DATED: July 30, 2003
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge