UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HealthPartners, Inc.; HealthPartners Administrators, Inc.; MedCenters Managed Care, Inc.; and Group Health Plan, Inc.,

Plaintiffs,

vs.

Aetna Health Management, Inc.; and Aetna U.S. Healthcare, Inc.,

Defendants.

Court File No.: 00-CV-1895 (JRT/FLN)

**STIPULATION REGARDING SETTLEMENT AND DISMISSAL OF COUNT V OF THE SECOND AMENDED COMPLAINT**
And ORDER

## STIPULATION

**WHEREAS**, Plaintiffs (collectively, "HealthPartners") contend that they are entitled under the terms of the 1996 Overall Agreement and Administrative Service Agreements ("ASAs") to delivery of (1) certain historical claims data from before June 1997 that has been stored by Defendants (collectively, "Aetna") on microfilm and/or microfiche, and (2) certain tapes that Plaintiffs contend were part of Aetna Systems, as that term is defined in the 1996 Overall Agreement and ASAs;

**WHEREAS**, Defendants (collectively, "Aetna") contend that they are not required to deliver to HealthPartners either the historical claims data or the tapes in question because (1) the historical claims data was commingled with other data; (2) certain tapes were interim copies and the final copies of the tapes were provided to HealthPartners as part of the transition; (3) certain tapes were scratched, or should have been scratched, in the ordinary course because the tapes did not contain

FILED JAN 2 1 2004
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

valid information; and (4) certain tapes contain information unrelated to the systems used to support HealthPartners' business;

**WHEREAS**, HealthPartners has, in Count V of the Second Amended Complaint in this action, sought specific performance for Aetna's failure to deliver the historical claims data and tapes; and

**WHEREAS**, the parties have agreed to resolve the claims contained in Count V as more fully set forth herein,

**NOW THEREFORE**, HealthPartners and Aetna hereby STIPULATE and AGREE, through their undersigned counsel of record, who are authorized to enter into this Stipulation on behalf of their respective clients, as follows:

1. Aetna represents and warrants that it has maintained all historical claims data in its possession on July 4, 1998, that it (a) generated and/or stored as part of its performance of the 1996 Overall Agreement and ASAs (and, as applicable, predecessor agreements between the parties and their respective predecessors-in-interest) and (b) was unable to deliver to HealthPartners because of commingling of that data with non-HealthPartners data (hereinafter, "historical claims data").

2. Aetna agrees that it shall maintain the historical claims data on the following terms:

    a. Aetna shall maintain the historical claims data in its current form until July 31, 2008;

    b. Aetna shall take whatever steps are necessary to ensure the integrity of the historical claims data for the period of time it is required to maintain that data;

    c. In response to a request for specific historical claims data by HealthPartners, Aetna shall provide to HealthPartners a copy of the requested historical claims data in paper form either by courier or facsimile transmission;

d. Aetna agrees that it shall deliver requested historical claims data to HealthPartners within one business day following the receipt of any such request;

e. Aetna agrees that it, and it alone, shall be responsible for any and all costs associated with its performance of its obligations under this Stipulation, including without limitation the obligations agreed to under this paragraph 2.

3. Aetna further represents that it has maintained and agrees that it shall continue to maintain the confidentiality of the historical claims data as required by the 1996 Overall Agreement and the ASAs and by applicable federal and state law. Once it has fully performed its obligations as set forth in Paragraph 2 above, and until such historical claims data is destroyed, Aetna agrees to maintain the confidentiality of that data as required by the 1996 Overall Agreement and ASAs and by applicable federal and state law.

4. HealthPartners agrees to dismiss with prejudice Count V of its Second Amended Complaint.

5. Aetna agrees that this Stipulation, as approved by the Court, shall be enforceable in this action as an Order of the Court (over which the Court shall retain jurisdiction) and that, in the event Aetna fails to comply with the terms of this Stipulation, HealthPartners may seek any remedy available to it for contempt of Court or breach of contract.

Dated: January 15, 2004

**MASLON EDELMAN BORMAN & BRAND, LLP**

By: ______________________________

Richard G. Wilson (#16544X)
Michael C. McCarthy (#230406)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 672-8200

***Attorneys for Plaintiffs***

Dated: 1/15/04

**KELLY & BERENS, P.A.**

By: ______________________________

Timothy D. Kelly (#54926)
Erin K. Fogarty Lisle (#238168)
3720 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171

***Attorneys for Defendants***

**ORDER**

Based on the foregoing Stipulation Regarding Settlement and Dismissal of Count V of the Second Amended Complaint, IT IS HEREBY **ORDERED** as follows:

1. The Stipulation is ADOPTED as an Order of the Court;

2. The Court agrees to retain jurisdiction over the settlement contained in the Stipulation for purposes of enforcing the terms of the settlement; and

3. Count V of the Second Amended Complaint is DISMISSED with prejudice.

Dated: January 21, 2004

John R. Tunheim
Judge of United States District Court